BARKETT, J.,
concurs.
6-12 BASIC SKILLS COURSE REQUIREMENT
6-12.1 Basic skills course requirement.
(a) Preamble. It is of primary importance to the public and to the members of The Florida Bar that attorneys begin their legal careers with a thorough and practical understanding of the law. To accomplish that objective, each active member of The Florida Bar (hereinafter referred to as “member”) is required to complete the basic skills course (hereafter BSC).
(b) Effective date. The basic skills course requirements (hereinafter referred to as BSCR) established by this rule shall become effective on October 1, 1988.
(c) Reporting requirement. Each member shall report compliance with BSCR in the manner set forth in the policies adopted for administration of these rules.
(d) Fees. The board of governors of The Florida Bar may require a reasonable fee to be paid to The Florida Bar in connection with each members’ report concerning BSCR compliance.
(e) Policies. The board of certification, designation and education (hereinafter referred to as BCDE) of The Florida Bar shall adopt policies necessary to implement BSCR, subject to the approval of the board of governors.
6-12.2 Administration.
(a) Responsibility. The BCDE shall administer the BSCR as herein provided. The young lawyers division (hereafter YLD) of The Florida Bar shall be responsible for the BSC seminars. Any member affected by an adverse decision of the BCDE may appeal as provided in rule 6-2.11.
(b) Delegation of authority. The BCDE may delegate to the staff of The Florida Bar any responsibility set forth herein, except that of granting a waiver or exemption from BSCR.
(c) Maintenance of records. The Florida Bar shall maintain a record of each member’s compliance or noncompliance with BSCR.
6-12.3 Basic skills course standards.
(a) Applicability. Every member admitted to The Florida Bar after the date established by the Supreme Court of Florida shall report concerning compliance with BSCR and, subject only to the exemptions contained therein, every such member shall comply with the requirements of BSCR.
(b) Basic skills course requirements. Each member as described in paragraph (a) shall complete the basic skills course either eight (8) months prior to or twelve (12) months following his or her admission to The Florida Bar or expiration of exempt status. That member shall receive continuing legal education credit which shall be applicable under rule 6-10.3(b) whether taken before or after admission to The Florida Bar.
(c) The YLD shall establish minimum quality standards for the BSCR which shall include instructions on discipline, ethics, and responsibility to the public.
(d) Exemptions.
(1) Active military service or full-time government employment.
(2) Undue hardship.
(3) Nonresident members whose primary office is outside the state of Florida.
*636 6-12.4 Reporting requirements.
(a) Reports required. Each member shall file a report showing compliance or noncompliance with BSCR. Such report shall be in the form prescribed by the BCDE.
(b) Time for filing. The report shall be filed with The Florida Bar no later than the expiration of the twelvemonth period following that member’s admission to The Florida Bar or the end of exempt status.
6-12.5 Noncompliance and sanctions.
(a) Extended time for compliance. If a member fails to complete the minimum required basic skills course by the end of the applicable reporting period, the report of noncompliance shall be accompanied by a specific plan for completing the necessary hours within one hundred eighty (180) days of the reporting date or the member shall establish eligibility for an exemption under rule 6-12.3(d).
Any specific plan shall be deemed approved by the BCDE unless, within thirty (30) days after receipt of the report, the BCDE notifies the member that the plan has not been approved.
Completion of a specific plan shall be reported by the member to the BCDE no later than fifteen (15) days following the expiration of the applicable time for the plan. Failure of the member to complete the plan within the specified time or to report within the time set forth for reporting such completion shall invoke the sanctions set forth below.
(b) Notice of noncompliance. If a member fails to comply with these rules in any respect, the BCDE shall promptly send a notice of noncompliance to such member. The notice shall specify the nature of the noncompliance and state that, if a specific plan is not submitted or if a hearing to establish an exemption or show reasonable cause for noncompliance is not requested, the member’s name shall be filed with the Supreme Court of Florida. The Florida Bar shall recommend that all members on such list be treated in the same manner as members delinquent in the payment of dues. Nothing contained in this paragraph shall be construed to extend the periods of time for completing a specific plan as set forth in paragraph (a) of this rule.
(c) Hearing on notice of noncompliance. If a hearing is requested, such hearing shall be governed by section 12.06 of the policies adopted pursuant to this rule. The party requesting the hearing may be represented by counsel. Witnesses shall be sworn, and, if requested by the affected member, a complete electronic record or transcript of the proceedings and testimony shall be made, at the expense of the affected member. If it is determined that compliance has been accomplished, the matter shall be dismissed and the BCDE’s records shall reflect such compliance.
(d) Procedures upon noncompliance after hearing. If it is determined after hearing that compliance has not been accomplished, the BCDE shall:
(1) If reasonable cause for noncompliance has been determined, allow the member requesting a hearing fifteen (15) days to file a specific plan for correcting the noncompliance. Such specific plan shall require compliance within one hundred eighty (180) days following the filing of the specific plan. Unless the BCDE rejects the specific plan within thirty (30) days after its filing, the specific plan shall be deemed accepted. Evidence of completion of the plan shall be reported to the BCDE not later than fifteen (15) days following the expiration of the time period for such specific plan. If the member fails to file an acceptable specific plan or fails to complete the plan within the time provided or fails to file evidence of completion of the plan within the time provided, the BCDE shall proceed as though there was no reasonable cause for noncompliance;
(2) Upon a finding by the BCDE of no reasonable cause for noncompliance, *637 file a record of the matter, including a copy of the findings and determination and recommendation of the BCDE with the Supreme Court of Florida. Notice of the findings of the BCDE shall be served on the affected member of the Bar; and
(3) Upon filing of a notice of confirmation of noncompliance or of the record of a BCDE hearing determining noncompliance, the Supreme Court of Florida shall enter an order as it deems appropriate, which may include suspension.
(e) Appeal to the board of governors. A decision of the BCDE may be appealed to the board of governors of The Florida Bar. Appeals to the board of governors shall be governed by the policies promulgated under these rules.
(f) Appeal to the Supreme Court of Florida. A decision of the board of governors may be appealed by the affected member to the Supreme Court of Florida. Appeals to the Court shall be governed by the policies promulgated under these rules.
(g) Exhaustion of remedies. A member must exhaust each of the remedies provided under these rules in the order enumerated before proceeding to the next remedy.
(h) Tolling time for compliance. An appeal shall toll the time a member has for showing compliance with BSCR.
6-12.6 Reinstatement.
Any member suspended from the practice of law for failure to meet BSCR may be reinstated by the Court upon a showing that the noncompliance has been corrected and upon payment to the BCDE of a uniform reinstatement fee, as established by the board of governors.
6-12.7 Confidentiality.
Unless directed otherwise by the Supreme Court of Florida the files, records, and proceedings of the BCDE, as they relate to or arise out of any failure of a member to satisfy the requirements of BSCR, shall be deemed confidential and shall not be disclosed, except in the furtherance of the duties of the BCDE or upon request of the member, in writing, or as they may be introduced in the evidence or otherwise produced in proceedings under these rules.
Nothing herein shall be construed to prohibit The Florida Bar from disclosing that a member has been suspended from the active practice of law for failure .to satisfy BSCR.
6-12.8 Disciplinary action.
The BCDE may refer misrepresentation of a material fact concerning compliance with or exemption from BSCR for disciplinary proceedings under chapters 3 and 4.
APPENDIX II
POLICIES
12.01 Administration.
(a) The BCDE shall administer the basic skills course requirement (hereafter BSCR) program, provided that the young lawyers division (hereafter YLD) of The Florida Bar shall conduct the basic skills course seminars, including all substantive and procedural matters involving course selection and content, speaker selection and other similar matters.
(b) The basic skills course shall consist of no less than twenty-three (23) hours of instruction and shall cover a minimum of at least eleven (11) different subjects which have been approved by the YLD board of governors. The course shall include at least one hour of instruction on the subject of discipline, ethics, and responsibility of the profession.
(e) The BCDE shall advise each member of such member’s reporting date.
12.02 Reports.
(a) Time for filing. All reports shall be filed no later than the last day of the member’s applicable BSCR reporting period.
*638 (b) Form and content. Reports shall be typewritten on forms approved by the board of governors. Each question shall be answered or shown as “not applicable.”
(c) Reporting compliance. In reporting compliance the member shall provide the date and location at which he or she attended the BSC.
(d) Specific plan for compliance. If the member has not complied with the requirements of the program at the time of filing a report, he shall include a specific plan outlining how compliance will be accomplished. Compliance shall be accomplished within one hundred eighty (180) days of the reporting date.
(e) Supplemental information. To ascertain compliance the BCDE or staff may require the member to provide information in addition to that called for on the reporting form.
(f) Processing. The BCDE shall conduct a preliminary review of each report.
(1) A member not in compliance with the BSCR shall be notified in writing. Noncompliance shall include but not be limited to the filing of an incomplete report.
(2) Only members not in compliance shall receive notice from The Florida Bar.
(g) Exemptions. The following members are exempt from compliance with BSCR:
(1) A member on extended active military service or engaged in full-time government employment during the applicable reporting period who files a report establishing that status. A member exempt under this section shall not engage in the delivery of legal services within the State of Florida or give advice on matters of Florida law except as required by his military or government duties.
(2) A member who establishes to the satisfaction of the BCDE, special circumstances unique to that member, which constitute undue hardship. Such member shall report, in the form prescribed, such special circumstances constituting undue hardship. Upon receipt of a timely-filed report the BCDE shall review the special circumstances unique to the member and determine whether same constitute undue hardship, thereby exempting said active member from BSCR for the applicable period of the report. If the BCDE determines no undue hardship exists, the member shall file a specific plan for compliance as required by rule 6-12.5, Rules Regulating The Florida Bar.
(3) A nonresident member of The Florida Bar whose primary office is outside the State of Florida.
(4) A member exempted under sections 12.02(g)(1) or 12.02(g)(3) who is no longer eligible for such exemption shall complete the BSC within twelve (12) months of the end of such exempt status. In order to renew an exemption under this provision for the next reporting period, a member shall recer-tify the continuing existence and application of the factual status upon which an exemption under this paragraph was last approved and request renewal of such exemption. Nothing herein shall be construed to be in opposition to rule 2.060, Florida Rules of Judicial Administration, dealing with practice by foreign attorneys or to require an attorney to complete the BSC more than once.
12.03 BSCR fees.
(a) Timely filing. No fee shall be required as to an initial timely-filed report of compliance or noncompliance.
(b) Late fee. Any report filed or postmarked after the deadline for such report shall be deemed late and an additional fee of twenty-five dollars ($25.00) shall be assessed for processing the late report.
12.04 Compliance
(a) Evidence of compliance. A report in proper form showing timely attend- *639 anee at a basic skills course shall constitute compliance with BSCR.
(b) Request for extension. A member may request extended time for compliance under rule 6-12.5, Rules Regulating The Florida Bar.
(c) Continuing legal education credit. Each member who satisfies the compliance requirements of BSCR shall receive continuing legal education credit in accordance with section 6.04(a) of the CLER policies as approved by BCDE.
12.05 Procedures on noncompliance and appeal.
(a) Determination of noncompliance. Reports shall be reviewed to determine compliance. Noncompliance shall include, but not be limited to, incomplete reports, unexecuted reports, failure to timely file a report, and failure to report BSCR compliance without a specific plan for compliance.
(b) Notice of noncompliance. The BCDE shall prepare and serve notice of noncompliance on a member determined to be in noncompliance. Notice shall be effective if in writing and served at the member’s record Bar address or last known address, if any.
(c) Hearing on noncompliance. A member shall have thirty (30) days from service of the notice of noncompliance within which to request a hearing or show compliance. All hearings shall be held within thirty (30) days of filing the request for hearing. Notice of the time and place of hearing shall be given at least ten (10) days in advance. The hearing shall be held as soon as practical and may be heard by any panel or combination of panels of the BCDE. The member and The Florida Bar shall be the parties in the hearing.
(d) Finding and recommendation of BCDE. The panel shall make findings of fact and a determination of whether compliance has been accomplished. The panel’s findings and determination shall be deemed the findings and determination of the BCDE.
The BCDE member who presided over and conducted the hearing shall report the findings of fact and determination of whether the member has complied with rule 6-12, and upon a finding of noncompliance, shall determine whether there was reasonable cause for such noncompliance. A copy of the report shall be served on the member in the same manner as the notice of noncompliance.
(1) Determination of noncompliance. If noncompliance has been determined, but reasonable cause exists therefor, the member may be allowed fifteen (15) days in which to submit a specific plan for compliance. A specific plan shall require compliance within one hundred eighty (180) days of filing the plan. Staff shall review the plan, and unless rejected within thirty (30) days from filing, the specific plan shall be deemed accepted.
Failure to timely file a specific plan or failure to verify compliance with a specific plan within fifteen (15) days from time for completion, shall confirm the determination of noncompliance. Staff shall file a notice of confirmation of noncompliance in the Supreme Court of Florida.
(2) Determination of compliance. If compliance has been determined, the member’s report shall be accepted. Notice of acceptance of the report shall be filed with the Supreme Court of Florida.
(e) Suspension for noncompliance. In cases where notice of noncompliance or notice of confirmation of noncompliance has been filed with the Supreme Court of Florida, the Court may enter an order suspending the member from the practice of law in Florida.
(f) Appeals. An appeal from a determination of the BCDE or the board of governors may be taken by the affected member.
(1) Appeal of BCDE decision.
a. Commencement. An appeal shall be commenced by petition filed with the executive director of The Florida Bar. The notice shall (1) identify *640 the decision of the BCDE by its date and nature; (2) contain a statement of the relief to which petitioner deems himself entitled; and (3) include copies of all supporting documents that were submitted to the BCDE by the petitioner. The notice shall contain statements of facts, argument, and citation to authority.
b. Time for appeal. An appeal shall be commenced within thirty (30) days of mailing of notice of the BCDE decision.
c. Filing of appeal; filing fee. A fee of seventy-five dollars ($75.00) payable to The Florida Bar shall be paid when the petition is filed. The filing may be accomplished by mail to the Executive Director, The Florida Bar, Tallahassee, Florida 32301. Filing by mail shall be complete upon receipt.
d. Answer. An answer to the petition on behalf of the BCDE may be served on the petitioner within thirty (30) days after the petition has been filed with the executive director. Service by mail shall be complete upon mailing. The answer shall contain statements of fact, argument, and citations to authority.
e. Reply. The petitioner may file a reply within twenty (20) days of service of the answer. No further pleadings shall be permitted.
f. Consideration of appeal.
1. Time of meeting. The board of governors shall consider the appeal at its next regularly scheduled meeting held twenty (20) days after the time for filing a response by the BCDE has expired. The executive director shall furnish notice, by mail, of the meeting to the board of governors, the affected member and the BCDE. The notice shall be mailed no more than fifteen (15) days prior to the date the board of governors will consider the appeal.
2. Record. The executive director shall furnish to the board of governors: a copy of the BCDE decision; a copy of the petition and all supporting material furnished by the petitioner; a copy of the BCDE’s answer and supporting material; and a copy of the reply, if any.
3. Oral argument. Oral argument may be requested by the affected member at the time of filing appeal from the BCDE’s decision. The BCDE shall have the right of oral argument only if same is requested by the affected member. If the affected member does not request oral argument, the board shall make its decision solely upon the basis of the pleadings and materials before it.
4. Board of governors’ decision. Consideration by the board of an appeal is in the nature of an en banc proceeding. The board’s decision shall be by majority of those members voting. All members present at the meeting may participate in the discussion and deliberation by the board on the appeal. Members of the board who serve on the BCDE are recused from voting on the appeal.
5. Notice of decision. The executive director shall give notice, by certified mail, to the petitioner and the BCDE of the board’s decision within fifteen (15) days of the board meeting.
(2) Evidence. No evidence may be presented at any stage of the appeal that was not presented to the BCDE before its decision.
(3) Computation of time. In computing any period of time prescribed or allowed by these rules, the provisions of rule 9.420, Florida Rules of Appellate Procedure and the definition of “legal holiday” provided by rule 9.420(e) shall apply.
(4) Appeal to the Supreme Court of Florida. An appeal to the Supreme Court of Florida of the board of governor’s decision may be taken by an affected member. Such appeal shall be by petition filed within thirty (30) days of the service of the board of governors decision. The Florida Rules of Appellate Practice shall govern such appeals.
*641 12.06 Reinstatement.
A suspended member may be reinstated upon payment of a reinstatement fee of two hundred fifty dollars ($250.00), petition to the BCDE, and certification by the BCDE of compliance with BSCR. The issue of compliance shall be determined by a panel of the BCDE in the same manner as in section 12.05 above. A finding of noncompliance and denial of reinstatement may be reviewed as provided in section 12.05.
12.07 Confidentiality.
All records, files, and proceedings on noncompliance shall be confidential. Disclosure of the existence of proceedings on noncompliance may be made in response to inquiries regarding the status of the member on written request of the member and as is necessary for the BCDE to develop facts and determine the issue of compliance with BSCR.
12.08 Rules of procedure and burden of proof.
All hearings before the BCDE shall be conducted under the Florida Rules of Civil Procedure and rules of evidence applicable to disciplinary proceedings. At all hearings the member shall have the burden of proving compliance.